UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH M. RIVERA, | 1:14-cv-01423-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 13.) |
| vs. | |
| OFFICER BORDEN, | ORDER DIRECTING CLERK TO REOPEN CASE |
| Defendant. | |

## I.   BACKGROUND

Joseph M. Rivera ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 10, 2014.  (Doc. 1.)  On February 20, 2015, the court dismissed this case, without prejudice, for Plaintiff's failure to comply with the court' order of January 13, 2015, which required Plaintiff to submit service documents to the court.  (Doc. 10.)

On March 9, 2015, Plaintiff filed a motion for extension of time to comply with the court's order, and submitted service documents to initiate service upon defendant Borden. (Docs. 13, 14.)  The court construes Plaintiff's motion as a motion for reconsideration of the court's order dismissing this action.

## II.      MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.   Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).   The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).   In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).   To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.   See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### A.      **Plaintiff's Motion**

Plaintiff requests reconsideration of the court's February 20, 2015 order dismissing this case for Plaintiff's failure to comply with the court's January 13, 2015 order.   Plaintiff argues that he was unable to meet the court's deadline because the prison was on lockdown for three days, which delayed his access to the law library, and the law library was also closed for three days due to holidays.   Plaintiff asserts that he was unable to go to the law library for three

///

weeks after the court ordered him to respond.  Plaintiff requests an extension of time to comply with the court's January 13, 2015 order.

    **B.**    <u>**Discussion**</u>

    Plaintiff has set forth facts of a strongly convincing nature to induce the court to reverse its prior decision dismissing this case.  Plaintiff has shown that he was prevented from responding to the court's January 13, 2015 order due to circumstances beyond his control. Therefore, Plaintiff's motion for reconsideration shall be granted, and this case shall be reopened.

**III.**    **CONCLUSION AND ORDER**

    Based on the foregoing, the court finds good cause to reopen this case and initiate service of process.  Therefore, Plaintiff's motion for reconsideration shall be granted.

    Accordingly, **IT IS HEREBY ORDERED** that:

    1.    Plaintiff's motion for reconsideration, filed on March 9, 2015, is GRANTED;

    2.    The Clerk of Court is directed to REOPEN this case;

    3.    The court's February 20, 2015 order dismissing this case, and the judgment entered on February 20, 2015, are VACATED; and

    4.    The court shall issue a separate order forthwith, directing the United States Marshal to serve process in this action.

IT IS SO ORDERED.

Dated:   **March 17, 2015**              **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE