# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MANUEL RIVERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER BORDEN,<br><br>　　　　Defendants. | Case No.  1:14-cv-01423-SAB-PC<br><br>ORDER TO SHOW CAUSE WHY  THIS ACTIONSHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND TO OBEY A COURT ORDER<br><br>RESPONSE DUE IN THIRTY DAYS |

Plaintiff is a former Stanislaus County Jail inmate proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

On August 17, 2015, an order was entered, reassigning this action to the undersigned.  On September 23, 2015, the order was returned by the U.S. Postal Service as undeliverable.  A failure to keep the court informed of Plaintiff's address of record is an independent ground for dismissal.  Local Rule 183(b) requires a pro se Plaintiff to keep the court advised of his or her address of record.  A failure to follow the Local Rules is a ground for dismissal.

Local Rule 183 (b) provides that "a party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff

---

[1] Plaintiff filed a consent to magistrate judge jurisdiction on October 8, 2014 (ECF No. 4).  Defendant consented on June 1, 2015 (ECF No 21).

1

in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) dates thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1998)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on the merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that a failure to obey a court order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, within thirty days of the date of service, show cause why action should not be dismissed for Plaintiff's failure to comply with the Local Rules.  Failure to file a response will result in dismissal of this action pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 30, 2015**

UNITED STATES MAGISTRATE JUDGE